lante y el Fiscal de este Tribunal Supremo, que impugnó el recurso.

Abogado del apelante: *Sr. Sarmiento.*

Abogado del Pueblo: *Sr. del Toro, Fiscal.*

---

## Ex Parte Vega.

Apelación procedente de la Corte de Distrito de Humacao.

No. 58.—Resuelto en Junio 8, 1904.

Dominio.—Los propietarios que tuvieren escritura pública creditiva del dominio de una finca á su favor, no pueden acogerse al procedimiento ó información de dominio que autoriza el artículo 395 de la Ley Hipotecaria, para los que carezcan de títulos escritos, ni pueden corregir por tal información los defectos de que adolezcan sus títulos, que deben subsanarse por los medios que la misma ley determina.

Id.—Título Escrito No Inscribible.—La información de dominio establecida por la Ley Hipotecaria procede en favor de los propietarios que tuvieren *títulos escritos, pero no inscribibles en el Registro,* por carecer de los requisitos que exige el artículo 2 de la misma Ley.

Id.—Si en una información de dominio no se justifica que el promovente ha poseido por término suficiente para adquirir por prescripción el dominio del inmueble, ó que su causante lo hubiera adquirido por cualesquiera de los medios que reconozca el derecho, no podrá hacerse la declaratoria de dominio que se interese.

EXPOSICIÓN DEL CASO.

En los autos seguidos en el Tribunal de Distrito de Huma-

cao, por Don Apolinar Vega Martinez sobre declaratoria de dominio de dos fincas rústicas; pendientes ante Nos, á virtud de la apelación interpuesta por la representación del promovente, contra la sentencia pronunciada por el referido Tribunal de Distrito, la que copiada á la letra dice así:

"*Sentencia.*—En Guayama á los dos días del mes de Junio de mil novecientos tres. Vistos estos autos seguidos por Don Apolinar Vega Martinez, mayor de edad, propietario, casado y vecino de Cayey, y el Ministerio Fiscal sobre dominio de dos fincas rústicas. ••

1. *Resultando*: que en diez y nueve de Febrero último el Letrado Don Luis Muñoz Morales presentó escrito al Tribunal en representación de Apolinar Vega Martínez, mayor de edad, propietario, casado en primeras nupcias con Doña Basilisa de Jesús y vecino de Cayey, solicitando se declarara á su favor el dominio de las fincas siguientes: Un predio sin nombre radicado en el barrio de Cercadillo, término municipal de Cayey, compuesto de trece cuerdas de terreno, equivalentes á cinco hectáreas, diez áreas, noventa y cinco centiáreas, colindantes por el Norte con el río de la Lapa, por el Sud con terrenos de Pedro de Jesús y Federico Bolornio, por el Este con los de Don Feliciano Santiago antes Clemente Rodriguez, y por el Oeste con los de Don Federico Bolornio y el rio: otro predio sin nombre, radicado en el barrio de Pasto Viejo, término municipal de Cayey, compuesto de veinte y seis cuerdas sesenta y dos centavos de terreno, equivalentes á diez hectáreas, cuarenta y tres áreas, noventa y una centiáreas colindantes por el Norte con la Quebrada Bellaca: por el Sud con terrenos de Nicolás y Norberta Vega, por el Este con otros de la Sucsión Fermín Bonilla y por el Oeste con los de Genaro Bonilla, Nicolás Vega y Juan de la Cruz Vega: estas fincas las adquirió el Sr. Vega, la primera por compra á Morales y Compañía, según escritura otorgada en Cayey ante el Notario Don Casimiro Morales por trescientos dóllars, y la segunda, veinte y cuatro cuerdas por compra á Antonio Vega, según escritura otorgada ante el Notario de Cayey y cinco cuerdas doce centavos por compra á Felipe Vega en la que medió documento privado y está valorada en quinientos dollars.

2. *Resultando*: que con la solicitud se acompañan los documentos siguientes: copia de la escritura de promesa de venta otorgada por Morales y Compañía á favor de Apolinar Vega y Martínez en veinte y ocho de Junio de 1887, ante el Notario Don Casimiro Morales: copia de la escritura de carta de pago otorgada por Doña Dolores Morales y Ochoa á favor de Apolinar Vega Martínez otorgada

en Cayey el doce de Febrero último ante el Notario Don Luis Muñoz Morales: copia de la escritura de venta de terreno otorgada por Antonio Vega á favor del promovente, otorgada ante el Notorio Don Casimiro Morales en Cayey, á veinte y cinco de Mayo de 1896: un documento privado otorgado por Felipe Vega á favor de Apolinar de igual apellido, vendiendo cinco cuerdas y medio cuadro de terreno, y los recibos de las últimas contribuciones satisfechas.

3. *Resultando:* que el Tribunal por providencia de veinte y cuatro de Febrero último, dió traslado de la solicitud al Fiscal, mandó citar á los anteriores dueños de las fincas y á los colindantes: admitió las pruebas propuestas y convocó á las personas ignoradas á quienes pudiera perjudicar la inscripción por medio de edictos á fín de que dentro de sesenta días naturales comparecieran á alegar su derecho.

4. *Resultando:* que librada la oportuna carta órden al Juez Municipal de Cayey, fueron citados los colindantes y ánteriores dueños y ante dicha autoridad declararon los testigos Valeriano Colón y Pedro Rivera, manifestando que les constaba de una manera positiva los extremos del escrito de promoción á que se refiere el primer resultando.

5. *Resultando:* que en el periódico "The Porto Rico Sun" de tres, cuatro y cinco de Marzo último, fueron publicados los edictos y pasado este expédiente al Fiscal emitió dictamen en sentido favorable á su aprobación.

6. *Resultando:* que en la tramitación de este expédiente se han observado las formalidades legales.—Siendo Ponente el Juez Asociado Don Ramón Quiñones.

1. *Considerando:* que según consta del mismo escrito y se comprueba por la documentación presentada, el promovente tiene á su favor títulos escritos de dominio, por lo que no puede utilizar el procedimiento que establece el artículo 395 de la Ley Hipotecaria para los que carezcan de ellos, no sólo porque esto se opone al precepto terminante de la dicha ley, sino porque éste no tiende á subsanar los defectos que respecto á la inscripción puedan tener los títulos escritos, para cuya subsanación existen otros medios legales, sino el de proveer de titulación escrita al que carezca de ella.

*Vistas* las disposiciones legales citadas y demás de pertinente aplicación.

*Fallamos:* no haber lugar á aprobar este expediente declarando justificado el dominio en la forma que interesa el promovente. Así definitivamente juzgando, lo pronunciamos, mandamos y firmamos."

*Resultando*: que contra esta sentencia interpuso apelación la representación del promovente, la que le fué admitida libremente y en ambos efectos, y que elevados los autos á esta Superioridad con citación y emplazamiento de las partes y personada la apelante, se dió al recurso la tramitación correspondiente, y se señaló día para la vista á cuyo acto asistieron el abogado defensor del apelante y el Sr. Fiscal de este Tribunal Supremo, que impugnó el recurso.

Abogado del apelante: *Sr. Sarmiento.*

Abogado del Pueblo: *Sr. del Toro, Fiscal.*

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho de la sentencia apelada.

*Considerando*: que el artículo 395 de la Ley Hipotecaria sólo concede el derecho de acreditar el dominio por medio de la información judicial á los propietarios que carezcan de título escrito de dominio; y no encontrándose en este caso el peticionario que acredita la adquisición de dos de las fincas rústicas de que se trata en el presente informativo, por medio de escrituras públicas de compra venta que son verdaderos títulos de dominio, inscribibles en el Registro de la Propiedad, mediante la subsanación de cualquier defecto que lo impidiera, y para lo cual la misma Ley Hipotecaria establece los procedimientos correspondientes, no procede dictarse respecto de dichas dos fincas la declaratoria de dominio que se interesa.

*Considerando*: que si bien se encuentra el peticionario en diferentes condiciones respecto de la otra finca de cinco cuerdas, situada en el barrio de "Las Planadas" y cuya adquisición se acredita por medio de un documento privado, que no es título inscribible, por carecer de los requisitos que exige el artículo 2 de la Ley Hipotecaria vigente, tampoco procede dictarse respecto de ella la declaratoria de dominio que se pretende, toda vez que ni el peticionario lleva tiempo bastante de posesión para haberlo adquirido por la prescripción ordi-

naria, ni se acredita tampoco que lo hubiera adquirido su causante por ninguno de los títulos que reconoce el derecho.

*Vistas* las disposiciones legales citadas.

*Fallamos*: que debemos confirmar y confirmamos la sentencia apelada, con las costas al apelante.

Jueces concurrentes: Sres. Hernández, Figueras y Mac-Leary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.